PHILLIP A. TALBERT
United States Attorney
KYLE R. RATLIFF
Special Assistant U.S. Attorney
412 TW/JA
1 South Rosamond Blvd.
Edwards AFB, CA 93524
Phone: (661) 277-4310
Fax: (661) 277-2887

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHELINE J. CYIARK,<br><br>Defendant. | Citation Nos. 6552389, 6553246, 6553245, 6552325, 6552324, 6553551, 6553552<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Kyle R. Ratliff, and Defendant Micheline J. Cyiark and her attorney Megan T. Hopkins, have agreed as follows:

**I. Agreements by the Defendant.**

A. The Defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

B. The Defendant agrees to enter a plea of guilty to Citation No. 6552325, dated July 18, 2016, and Citation Nos. 6553245 and 6553246, dated September 11, 2017.

C. The Defendant acknowledges that her plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody, nor agreement reached, other

1

than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

D. Defendant agrees to pay a six hundred dollar ($600.00) fine, inclusive of all penalty assessments, within eleven (11) months, paying at least sixty dollars ($60.00) per month starting the month following the date of this Plea Agreement, and serve a term of twelve (12) months of unsupervised probation, with conditions to include: paying any fine ordered by the court and the mandatory condition to obey all laws. The term "obey all laws" as used herein means all federal, state and local laws. An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

E. Should the Defendant not be a citizen of the United States, the Defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from her plea.

F. The Defendant acknowledges that this agreement has no bearing on any potential administrative action that the Defendant's employer seeks to pursue.

**II. Agreements by the Government.**

A. With respect to Citation No. 6552325, dated July 18, 2016, and Citation Nos. 6553245 and 6553246, dated September 11, 2017, the Government agrees to recommend the sentence set forth above.

B. The Government agrees to dismiss Citation Nos. 6552389, 6552324, 6553551, and 6553552, in the interest of justice.

C. The Government agrees to waive any mandatory appearance requirement for the Defendant upon execution of this agreement.

**III. Nature, Elements, and Possible Defenses.**

A. The Defendant has read the charges against her contained in the aforementioned citations, and those charges have been fully explained to her by her attorney. Further, the Defendant fully understands the nature and elements of the crime in the citations to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## IV. Factual Basis.

A. The Defendant concedes that she will plead, and is pleading, guilty to the crimes set forth in Citation No. 6552325, dated July 18, 2016, and Citation Nos. 6553245 and 6553246, dated September 11, 2016, because she is, in fact, guilty of those offenses. The Defendant agrees that the following are the true and correct facts of Citation No. 6552325: on July 18, 2016, at or near Edwards Air Force Base, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States, the Defendant, Micheline J. Cyiark, was unable to provide proof of financial responsibility upon request during a traffic stop. Micheline J. Cyiark was cited for violating section 16028(a) of the California Vehicle Code.

B. The Defendant also agrees that the following are the true and correct facts of Citation No. 6553245: on September 11, 2016, at or near Edwards Air Force Base, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States, the Defendant, Micheline J. Cyiark, operated a motor vehicle at a speed of eighty-four (84) miles per hour in a sixty-five (65) miles per hour zone. Micheline J. Cyiark was cited for violating section 22349(a) of the California Vehicle Code.

C. The Defendant also agrees that the following are the true and correct facts of Citation No. 6553246: on September 11, 2016, at or near Edwards Air Force Base, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States, the Defendant, Micheline J. Cyiark, did operate a motor vehicle with an expired registration. Micheline J. Cyiark was cited for operating the unregistered vehicle pursuant to section 4000(a)(1) of the California Vehicle Code.

## V. Waiver of Rights.

The Defendant understands that by pleading guilty she surrenders certain rights, including the following:

A. If the Defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial by a jury.

B. The jury would find the facts and determine, after hearing all the evidence, whether or not the jury was persuaded of the Defendant's guilt beyond a reasonable doubt.

C. At a trial, the Government would be required to present its witnesses and other evidence against the Defendant, and prove each element of the charge against the Defendant beyond a reasonable doubt. The Defendant would be able to confront those Government witnesses and her attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. At trial, the Defendant would also have the right to assistance of legal counsel. If she could not afford legal counsel, an attorney would be appointed for her by the Court at no expense to her.

D. At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify. The Defendant understands that by pleading guilty she is waiving all of the rights set forth above, and acknowledges that her attorney has explained to her those rights and the consequences of her waiver of those rights.

**VI. Entire Agreement.**

A. This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

Respectfully Submitted,

PHILLIP A. TALBERT
United States Attorney

DATED: 2 May 17

KYLE R. RATLIFF
Special Assistant U.S. Attorney

DATED: 5/2/17

_____
MEGAN T. HOPKINS
Assistant Federal Defender

DATED: 5/2/17

_____
MICHELINE J. CYIARK
Defendant

IT IS SO ORDERED.

Dated: May 15, 2017

_____
JENNIFER L. THURSTON
UNITED STATES MAGISTRATE JUDGE